[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-14009

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TREVIN NUNNALLY,
a.k.a. Rick,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:05-cr-00045-MW-GRJ-1

_____

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JILL PRYOR, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

The Supreme Court vacated and remanded our September 27, 2021, opinion affirming the district court's denial of Trevin Nunnally's motion for sentence reduction pursuant to the First Step Act of 2018 for reconsideration in light of *Concepcion v. United States*, 142 S. Ct. 2389 (2022).

In our original opinion, we noted that Nunnally acknowledged that the district court did not err in denying his motion because our precedent in *United States v. Jones*, 962 F.3d 1290 (11th Cir. 2020), required the use of the "as if" framework outlined in that opinion. Specifically, that framework states that any reduction in sentence must be "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed" and means that the court cannot reduce a sentence where the movant received the lowest statutory penalty available to him under the Fair Sentencing Act. Nunnally received a sentence equal to the lowest statutory penalty under the Fair Sentencing Act and so we held that the district court did not abuse its discretion when it denied his motion.

20-14009                 Opinion of the Court                         3

After a Supreme Court remand, our court recently held that *Concepcion* did not abrogate the reasoning in *Jones*. *United States v. Jackson*, __ F.4th __, 2023 WL 1501638 (11th Cir. Feb. 3, 2023). Accordingly, we reinstated our prior opinion in *Jackson*, which followed *Jones*. Because the binding law in our circuit has not changed, we reinstate our prior decision and affirm the district court's denial of relief.

AFFIRMED.